IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY GLENN WALKER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-1055-L-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Glenn Walker, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Dallas County jury convicted petitioner on two counts of aggravated robbery with a deadly weapon and one count of possession of less than one gram of cocaine. Punishment was assessed at 35 years confinement for the aggravated robberies and two years confinement for the drug offense. All three convictions were affirmed on direct appeal. *Walker v. State*, Nos. 05-08-01523-CR, 05-08-01524-CR & 05-08-01525-CR, 2010 WL 311647 (Tex. App. -- Dallas, Jan. 28, 2010, no pet.). Petitioner also filed three applications for state post-conviction relief -- one for each conviction. The applications were denied. *Ex parte Walker*, WR-75,625-01, WR-75,625-02 & WR-75,625-03, 2011 WL 1817625 (Tex. Crim. App. May 11, 2011). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel at trial and on appeal; (2) his aggravated robbery convictions were the result of an unduly suggestive in-court and out-of-court identification procedure; and (3) he was denied the right to counsel of his choice.

A.

Petitioner first contends that he received ineffective assistance of counsel at trial. As best the court understands this claim, petitioner appears to argue that his attorney: (1) failed to file various pretrial motions; (2) did not conduct an adequate pretrial investigation; (3) failed to challenge evidence relating to a rifle found near the scene of the robberies; (4) did not object to perjured testimony by a Dallas police officer; and (5) would not let petitioner testify at trial.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 425 Fed.Appx. 298, 2011 WL 1812764 (5th Cir. May 12, 2011), *cert. denied*, 132 S.Ct. 1095 (2012). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's

reasoning."). On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009).

2.

Petitioner complains that his attorney, Bradley K. Lollar, failed to file at least three different pretrial motions -- a motion to quash the indictment, a motion to continue the trial, and a motion to suppress illegally seized evidence.

a.

With respect to counsel's failure to file a motion to quash the indictment, that claim is unexhausted and procedurally barred from federal habeas review. A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2007). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Clay v. Cockrell*, 48 Fed.Appx. 104 (Table), 2002 WL 31017137 at *2 (5th Cir. Aug. 20, 2002), *cert. denied*, 123 S.Ct. 1492 (2003) (an unexhausted claim, which would be barred by Texas abuse-of-writ doctrine if raised in a successive habeas application, is procedurally barred from federal habeas review); *Jaramillo v. Quarterman*, No. SA-08-CV-1003-XR, 2009 WL 3765501 at *3 (W.D. Tex. Nov. 10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*.").

Petitioner did not argue in his original state writ that counsel was ineffective for failing to file a motion to quash the indictment. Instead, this claim was raised in an amended pleading allegedly placed in the mail by petitioner just five days before the trial court entered findings of fact and conclusions of law. (*See* Pet. Repl. Br. at 9, ¶ H). Nothing in the record suggests that the state court allowed petitioner to amend his original writ or considered the new claim on the merits. Because petitioner did not present this claim to the highest available state court in a procedurally correct manner, it is unexhausted. *See, e.g. Culberson v. Thaler*, No. 3-10-CV-2368-O-BD, 2011 WL 6934954 at *3 (N.D. Tex. Jun. 30, 2011), *rec. adopted*, 2011 WL 6934900 (N.D. Tex. Dec. 28,

2011), *appeal filed*, Jan. 23, 2012 (No. 12-10048) (finding that claims raised in motion to amend were unexhausted for purposes of federal habeas review); *Dotson v. Quarterman*, No. 4-06-CV-715-A, 2008 WL 340473 at *6-7 (N.D. Tex. Jan. 28, 2008) (same). If presented with this unexhausted claim in a successive habeas petition, a Texas court would likely find it barred. Consequently, federal habeas relief is not proper. *See Clay*, 2002 WL 31017137 at *2; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

b.

Petitioner also criticizes his attorney for failing to file a motion for continuance three days before trial so his mother could raise enough money to hire a different lawyer. When Lollar refused to file such motion, petitioner personally addressed the court and asked for a continuance. His request was denied. (*See* Hab. Pet. at 6-D & 6-E, ¶ 7). In view of that ruling, petitioner cannot show that he was prejudiced by counsel's failure to ask for a continuance.

c.

Petitioner contends that his attorney was ineffective for failing to file a motion to suppress evidence obtained as a result of an illegal stop, arrest, and detention. "Where defense counsel's failure to litigate a Fourth Amendment claim is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986); *see also Chavez v. Dretke*, No. 3-03-CV-0229-P, 2004 WL 2360026 at *4 (N.D. Tex. Oct. 19, 2004), *rec. adopted*, (N.D. Tex. Nov. 22, 2004). Petitioner has failed to meet that heavy burden.

At trial, Dallas Police Officer Tom Nguyen testified that he was dispatched to the scene of a robbery at Dragon Street and Cole in Dallas, Texas. (*See* SF-IV at 8). When he arrived at the call location in a marked police car with lights and sirens, Nguyen was flagged down by an individual who was pointing to something behind the officer. (*Id.* at 10). Nguyen looked back and saw another individual, later identified as petitioner, running. (*Id.* at 10-11). Petitioner slowed down and eventually stopped running after Nguyen put a spotlight on him. (*Id.* at 11). Nguyen then ordered petitioner to approach the squad car, placed him in handcuffs for safety reasons, and conducted a pat-down search. (*Id.* at 11-12). Two wallets containing the identifications and family photos of the robbery victims were found in petitioner's pants pockets. (*Id.* at 12-13). Based on this evidence, petitioner was placed under arrest. (*Id.* at 14). A search incident to the arrest yielded two 12-gauge shotgun shells and a clear plastic baggie containing crack cocaine. (*Id.* at 14-17).

The Fourth Amendment permits an investigative stop when "the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot[.]" *United States v. Neufeld-Neufeld*, 338 F.3d 374, 378 (5th Cir. 2003), *quoting United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989). Here, Nguyen responded to a robbery call in a marked police car with lights and sirens. When he arrived at the scene, an individual pointed to petitioner running away. These facts give rise to a reasonable suspicion of criminal activity. *See, e.g. Illinois v. Wardlow*, 528 U.S. 119, 124-25, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000) (law enforcement may conduct investigative stop when suspect flees without provocation); *United States v. Amuny*, 767 F.2d 1113, 1124 (5th Cir. 1985) (flight from clearly identified police officer provides reasonable suspicion of unlawful conduct). The Fifth Circuit has often upheld the use of handcuffs during a *Terry* stop. *See United States v. Estrada*, 459 F.3d 627, 634 & n.8 (5th Cir. 2006); *see also United States v. Sanders*, 994 F.2d 200, 207-08 (5th Cir.), *cert. denied*, 114 S.Ct. 408 (1993). A

police officer is permitted to conduct a pat-down search for weapons where he reasonably believes that his safety is in danger, and may seize an item whose identity is plainly known through his sense of touch. *See Minnesota v. Dickerson*, 508 U.S. 366, 376-77, 113 S.Ct. 2130, 2137-38, 124 L.Ed.2d 334 (1993). An officer is also permitted to check an individual's identification by looking through his wallet during a *Terry* stop. *See United States v. Brown*, 366 F.3d 456, 461 (7th Cir. 2004). When Nguyen discovered that petitioner possessed the wallets of the robbery victims, he was justified in placing him under arrest and conducting a search incident to the arrest. *See Lockett v. New Orleans City*, 607 F.3d 992, 1001 (5th Cir.), *cert. denied*, 131 S.Ct. 507 (2010), *quoting United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973). Because there is no evidence of an underlying Fourth Amendment violation, counsel was not ineffective for failing to file a motion to suppress. *See United States v. Samples*, No. 3-11-CV-1066-B-BD, 2011 WL 4907315 at *5 (N.D. Tex. Sept. 15, 2011), *rec. adopted*, 2011 WL 4907309 (N.D. Tex. Oct. 13, 2011), *appeal filed*, Feb. 7, 2012 (No. 12-10001) (counsel not ineffective for failing to file frivolous motion to suppress evidence).

3.

Next, petitioner complains that his attorney conducted an inadequate pretrial investigation by failing to research lighting conditions, take pictures of the crime scene, hire an investigator, and interview a key defense witness. On state collateral review, Lollar answered each of these allegations in a sworn affidavit, in which he stated:

> Mr. Walker complains that I failed to properly investigate the case by failing to investigate the crime scene. On the contrary, I personally went to the crime scene on two separate occasions, once in the daytime hours and once at night. I found the parking lot where these robberies had been committed to be as brightly lighted as the Victims and the police described.

> There was no need to hire an investigator in this case because I personally investigated the allegations and the crime scene.
>
> Mr. Walker complains that I failed to interview Stacy Martin prior to calling him as a defense witness. On the contrary, I did interview him prior to calling him, and in my opinion, Mr. Martin's testimony was beneficial to the defendant. However, since Mr. Martin did not see the actual robberies being committed, his testimony was of limited value.

*Ex parte Walker*, WR-75,625-01 & WR-75,625-02, Tr. at 66-67; WR-75,625-03, Tr. at 67-68. The state habeas court accepted this testimony, finding that Lollar "is a trustworthy individual and that the statements made by him in his affidavit are worthy of belief." *Id.,* WR-75,625-01 & WR-75,625-02, Tr. at 61, ¶ 4; WR-75,625-03, Tr. at 62, ¶ 4. The state court found that Lollar went to the crime scene twice, observed the lighting conditions, interviewed Stacy Martin prior to calling him as a witness, and did not need to hire an investigator. *Id.*, WR-75,625-01 & WR-75,625-02, Tr. at 62, ¶ 4(b), (c) & (f); WR-75,625-03, Tr. at 63, ¶ 4(b), (c) & (f). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut those findings.

4.

Petitioner raises various issues related to a rifle found near the scene of the robberies. Specifically, petitioner contends that Lollar should have filed a motion in limine, objected to testimony, requested a limiting instruction, and asked for a mistrial following the admission of this evidence. At trial, Dallas Police Detective Richard Manuel testified that he discovered two firearms at or near the crime scene -- a 12-gauge shotgun next to a wrecked black Mercedes, and an AK-47 rifle discovered about a block away. (*See* SF-III at 109-13). Although petitioner's fingerprints were not found on either firearm, both robbery victims testified that petitioner threatened them with a gun. (*See id.* at 43, 81-82). In his affidavit, Lollar confirmed that the shotgun "did generally match the description of the weapon described by the witnesses." *Ex parte Walker,* WR-75,625-01 & WR-

75,625-02, Tr. at 67; WR-75,625-03, Tr. at 68. Because the mere possession of a firearm is not, in itself, a criminal act, it is not clear that this evidence constitutes extraneous evidence of crimes, wrongs, or other acts under Texas Rule of Evidence 404(b).[1] *See Gonzalez v. State*, No. 13-08-00685-CR, 2011 WL 2652162 at *9 (Tex. App. -- Corpus Christi, Jul. 7, 2011, pet. ref'd) (citing cases). Rather, the discovery of firearms near the crime scene is intrinsic evidence of aggravated robbery as the weapons are inextricably intertwined with the crimes charged. *Id.* Even if discovery of the weapons qualified as extraneous offense evidence under Rule 404(b), such evidence was admissible to establish the facts and circumstances surrounding the robberies. *Id.* Petitioner offers no explanation why this evidence was objectionable or how he was harmed by its admission. Accordingly, counsel was not ineffective for failing to object.

5.

Petitioner further contends that his attorney was ineffective for failing to object to "perjured testimony" by Officer Nguyen that he recovered a wallet from the right rear pocket of petitioner's jeans. (*See* SF-IV at 12, 54, 57). Although there is evidence in the record to suggest that petitioner's jeans did not have rear pockets, (*see id.* at 43, 76-77), contradictory testimony from witnesses, standing alone, does not establish perjury. *See Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001), *citing Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). There must also be evidence that the evidence was material. *Id.* The use of perjured testimony is material "only where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *Knox v.*

---

[1] Rule 404(b) provides, in pertinent part:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

TEX. R. EVID. 404(b).

*Johnson*, 224 F.3d 470, 478 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1610 (2001), *quoting Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). Whether Nguyen found a wallet in petitioner's right rear jeans pocket or elsewhere on his person is not material to his conviction for aggravated robbery. Thus, there was no basis for counsel to argue that Nguyen committed perjury.

6.

Petitioner claims that he was denied the right to testify in his own defense and that Lollar failed to reurge a pretrial motion to exclude evidence of prior convictions for impeachment purposes. In his affidavit, Lollar explained:

> As to the question of Mr. Walker testifying in his own behalf or not, that was an [ ] issue left solely to the discretion of the defendant. Mr. Walker was fully informed of both his right to testify and his right not to testify. He chose not to testify. In no way did I "override" his decision to testify.
>
> I had, in fact, prior to trial, moved the Court to exclude the fact of Mr. Walker's two prior convictions for Aggravated Robbery under the authority of *Theuss v. State*, but the judge ruled that the issue was not ripe for deciding, as the defendant hadn't taken the stand. Because the defendant chose not to testify, that decision was never reached by the Court.

*Ex parte Walker,* WR-75,625-01 & WR-75,625-02, Tr. at 67; WR-75,625-03, Tr. at 68. The state habeas court accepted this explanation, finding that petitioner was fully informed of his right to testify, but chose not to do so, and that a motion regarding impeachment was raised and denied prior to trial. *Id.*, WR-75,625-01 & WR-75,625-02, Tr. at 62, ¶¶ 2(g), (h); WR-75,625-03, Tr. at 63, ¶¶ 2(g), (h). Petitioner offers nothing to rebut those findings.

B.

Petitioner also faults his appellate lawyer for failing to challenge the sufficiency of the evidence on direct appeal. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462.

Counsel raised five points of error on direct appeal. Although she did not challenge the sufficiency of the evidence, counsel explained that:

> The record clearly reflected that Mr. Walker was positively identified as the suspect and possessed recently stolen items belonging to the victims. It was my professional decision that the facts in the cases did not merit a challenge to the legal and factual insufficiencies of the evidence to prove that Appellant committed the offenses. On appeal, I submitted five (5) arguable grounds of error that I found had merit.

*Ex parte Walker,* WR-75,625-01 & WR-75,625-02, Tr. at 70; WR-75,625-03, Tr. at 71. The state habeas court accepted this explanation and found that petitioner did not receive ineffective assistance of counsel on appeal. *Id.*, WR-75,625-01 & WR-75,625-02, Tr. at 63, ¶¶ 8-11; WR-75,625-03, Tr.

at 64, ¶¶ 8-11. In view of the overwhelming evidence against petitioner, it was reasonable for counsel not to challenge his aggravated robbery convictions on sufficiency grounds.

C.

Petitioner contends that the trial court should have granted a motion to suppress his in-court and out-of-court identification by the two robbery victims. Respondent counters that this claim is procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *See Harris v. Reed*, 489 U.S. 255, 261-62, 109 S.Ct 1038, 1042-43, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). Under Texas law, claims that could have been raised on direct appeal, but are presented for the first time on state collateral review, are procedurally defaulted. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The Fifth Circuit has held that "the *Gardner* rule set forth an adequate state ground capable of barring federal habeas review." *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 2059 (2006), *quoting Busby*, 359 F.3d at 719.

2.

On state collateral review, the Texas Court of Criminal Appeals denied post-conviction relief with respect to this claim because "it could have been, but was not raised on direct appeal." *See Ex*

*parte Walker*, 2011 WL 1817625 at *1, *citing Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989).[2] Although a federal court may consider a procedurally defaulted claim if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice[,]" *see Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991), petitioner has failed to satisfy these requirements. Indigence and lack of knowledge of the law do not constitute "good cause" for a procedural default. *See McIntyre v. Quarterman*, No. 3-09-CV-0574-B, 2009 WL 1563516 at *3 (N.D. Tex. Jun. 2, 2009) (citing cases).

D.

Finally, petitioner claims that he was denied the right to counsel of his choice because the trial court refused to grant a continuance so he could hire a different lawyer. The Sixth Amendment right to counsel has been construed to include a defendant's qualified right to retain counsel of his own choosing. *See Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir.), *cert. denied*, 125 S.Ct. 441 (2004). However, that right is not absolute. *Id.* "When a defendant has been given a reasonable opportunity to obtain counsel of his choice, the court retains broad discretion in evaluating a request for a continuance." *Id.*, *citing Ungar v. Sarafite*, 376 U.S. 575, 590-91, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964). Here, petitioner claims that he wanted Calvin Johnson to represent him at trial, and states that his mother would have been able to raise the money necessary to hire Johnson within two weeks of the date the trial was set to commence. (*See* Hab. Pet. at 7, ¶ D). However, there is

---

[2] The court notes that petitioner, though his attorney, did appeal his convictions on the ground that the trial court should have suppressed the in-court and out-of-court identifications made by the two robbery victims. However, petitioner did not seek discretionary review in the Texas Court of Criminal Appeals after his convictions were affirmed by the intermediate appeals court. Thus, this claim was not "fairly presented to the highest court of the state." *Hernandez v. Thaler*, No. 4-10-CV-433-Y, 2010 WL 5452720 at *5-6 (N.D. Tex. Nov. 23, 2010), *rec. adopted*, 2010 WL 5452719 (N.D. Tex. Dec. 28, 2010); *see also Thurman v. Dretke*, No. 4-04-CV-308-A, 2004 WL 2115366 at *4 (N.D. Tex. Sept. 22, 2004), *rec. adopted*, 2004 WL 2339297 (N.D. Tex. Oct. 14, 2004).

no evidence that petitioner was denied a "reasonable opportunity" to hire Johnson *before* the case was set for trial. Under these circumstances, the trial court did not deprive petitioner of his Sixth Amendment right to counsel of his choice.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE