IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ANTHONY GLENN WALKER,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:11-CV-1055-L** |
| § | |
| **RICK THALER, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Anthony Glenn Walker's ("Walker" or "Petitioner") Petition for Writ of Habeas Corpus, filed May 20, 2011, pursuant to 28 U.S.C. § 2254.

**I.     Factual and Procedural Background**

Walker was convicted by a Dallas County jury on two counts of aggravated robbery with a deadly weapon and one count of possession of less than one gram of cocaine. He was sentenced to thirty-five years confinement for the aggravated robbery offense and two years for the drug offense. Walker filed three separate applications for state post-conviction relief that were denied by the Texas Court of Criminal Appeals before filing this action in federal court on May 20, 2011, asserting that (1) his counsel was ineffective at trial and on appeal; (2) his aggravated robbery convictions resulted from suggestive in-court and out-of-court identification; and (3) he was denied the right to counsel. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 9, 2012, recommending that Petitioner's habeas petition be denied. Walker filed objections to the Report on June 27, 2012, and a supplement to his objections on July 5, 2012, that the court herein addresses. Walker's

**Memorandum Opinion and Order – Page 1**

objections focus on his contention that his appointed trial counsel, Brad Lollar ("Lollar"), was ineffective for a number of reasons, and that the trial court's denial of his request for a continuance to retain substitute counsel deprived him of his right to counsel of his choice in violation of the Sixth Amendment.

## II.     Objections to the Report

### A.     Ineffective Assistance

Walker asserted objections to the Report regarding his ineffective assistance of counsel claims based on his contentions that Lollar failed to: (1) quash the indictment; (2) file a motion to suppress evidence; (3) object to allegedly perjured testimony of a police officer; (4) allow Petitioner to testify at trial; (5) suppress identifications by the robbery victims; and (6) request a two-week continuance of the trial.

#### 1.     Failure to Quash Indictment

Walker contends that the magistrate judge erred in concluding that his ineffective assistance of counsel claim based on counsel's failure to quash the indictment is procedurally barred from federal habeas review for failure to exhaust the claim. Walker argues that, contrary to the Report, the state court record indicates that he timely raised this claim in an amended pleading filed with the state court before the court entered its findings and conclusions on March 17, 2011, and long before his habeas record was transmitted to the Texas Court of Criminal Appeals for consideration. Walker further asserts that there is evidence in the record that the state court allowed him to amend his original writ and considered the new claim on the merits, but he fails to direct this court to the portions of the record that support his contention in this regard. Finally, Walker contends that even if the state habeas court's decision does not expressly state that it rejected this claim, federal habeas

**Memorandum Opinion and Order – Page 2**

review is not precluded since his claim was adequately presented, and the Texas Court of Criminal Appeals's opinion states that it undertook an independent review of all evidence in the record. In a supplement to his objections, Walker further asserts that in light of the court's holding in *Bone v. State*, 77 S.W.3d 328, 833 (Tex. Crim. App. 2002), his ineffective assistance of counsel claim based on failure to quash the indictment is not procedurally barred.

The court agrees with the magistrate judge's determination that this claim is procedurally barred from habeas review for failure to exhaust state remedies. Even assuming as Walker contends that *Bone* applies and this claim was timely and properly presented to the state court, the court concludes that his ineffective assistance of counsel claim on this ground is without merit. To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Walker must show that his counsel's performance was deficient and that he suffered actual prejudice by the defense. After reviewing the record, the court concludes that even if Walker's counsel had successfully moved to quash his indictment, the State of Texas would have sought and obtained a second indictment. *See Pickney v. Cain*, 337 F.3d 542, 545-46 (5th Cir. 2003). As a result, Walker cannot meet the prejudice prong of *Strickland*, and his claim of ineffective assistance of counsel on this ground fails. The court will therefore overrule this objection.

2. **Failure to File a Motion to Suppress**

Walker contends that the Report is not supported by the record and is in part contradicted by the record. In particular, Walker contends that if Officer Nguyen had not conducted an illegal search of his person and testified that he had found more than one wallet on Walker, "there is a reasonable probability that the jury would not have been convinced beyond a reasonable doubt, even considering the alleged identifications made by the complainant." The magistrate judge concluded, and the court

**Memorandum Opinion and Order – Page 3**

agrees, that Walker failed to meet his heavy burden of establishing that his Fourth Amendment claim is meritorious, and that there is a reasonable probability that the verdict would have been different had the complained of evidence been excluded. The court will therefore overrule this objection.

### 3. Failure to Object to Alleged Perjured Testimony

Walker contends that the record proves that Officer Nguyen lied about finding a wallet in the rear pocket of Walker's pants. Walker acknowledges that whether the police officer found a wallet in his right rear pocket or elsewhere on his person is immaterial. He nevertheless contends that whether the officer found the wallet somewhere other than on Walker's person is material. Walker contends that nothing could prevent a dishonest officer from picking up evidence found in the vicinity and claiming that it was found on Walker. Walker therefore argues that there was a basis for his counsel to object to this portion of Officer Nguyen's testimony. The court concludes that Walker's contention that the Officer Nguyen was dishonest and could have found the wallet somewhere other than on his person is based on nothing more than rank conjecture. The court will therefore overrule this objection.

### 4. Denial of Right to Testify

Walker appears to contend that his trial counsel made false statements in his affidavit as to Walker's decision not to testify at his trial, and that these false statements were relied on by the state habeas court.[1] Walker argues that "the presumption of credibility of trial counsel's claims is

---

[1] The caption of this objection by Walker is as follows: "PARAGRAPH 6(A) OF MAGISTRATE'S REPORT (DENIED THE RIGHT TO TESTIFY IN OWN DEFENSE) (FAILED TO GET RULING ON MOTION TO EXCLUDE PRIORS)." Obj. 14. Other than stating "FAILED TO GET RULING ON MOTION TO EXCLUDE PRIORS," Walker does not assert any specific objections to the Report in this regard. Moreover, Walker's contention that counsel failed to get a ruling on a motion to exclude prior convictions is different from the claim asserted in his habeas petition, wherein he acknowledges that the trial court ruled on the motion. Accordingly, there is nothing for the court to consider as to this issue, and the court limits its analysis to addressing Walker's objection regarding his alleged denial of the right to his counsel of choice.

**Memorandum Opinion and Order – Page 4**

overcome by evidence of his untruthfulness and willingness to make false post-hoc claims to cover his deficient performance." Obj. 14. Walker contends that the state court adopted counsel's affidavit testimony without conducting a meaningful inquiry through a live hearing. He therefore contends that the state habeas court decision constitutes an unreasonable determination of the facts in light of the record and an unreasonable application of federal law. For the reasons set forth by the magistrate judge, the court disagrees and will therefore overrule this objection.

### 5. Failure to Suppress Identifications by Robbery Victims

Walker contends that the magistrate judge's determination that this claim is procedurally barred is "clearly erroneous" because he raised the issue with the Texas Court of Criminal Appeals. For the reasons explained by the magistrate judge, the court agrees that this claim is procedurally barred. The court will therefore overrule this objection.

### 6. Failure to Request Continuance of Trial

Walker contends his counsel was ineffective for failing to file a motion for a two-week continuance three days before trial so that his mother could raise enough money to retain private attorney Calvin Johnson ("Johnson"). Walker contends that the state trial court incorrectly found, based on his attorney's untruthful affidavit testimony, that counsel had moved for a continuance and the request was denied. According to Walker, and as acknowledged by Respondent, there is no indication in the record that his attorney ever filed a motion for continuance. Walker contends that the magistrate judge overlooked this, as well as the possibility that the state court may have denied his personal request for continuance because he may not have followed applicable procedural rules and he was represented by court-appointed counsel.

In his Answer to Walker's habeas petition, Respondent states that whether Lollar's request for a continuance is apparent on the record has little relevance because Walker has failed to show that the state court's decision to deny his ineffective assistance of counsel claim was contrary to or an unreasonable application of federal law. Respondent further asserts that in light of the late timing of Walker's request to his counsel to seek a continuance, the lack of any evidence that Johnson was available and could be prepared for trial within two weeks, and Walker's failure to show that Lollar was unprepared or ineffective in his representation, Walker has failed to satisfy either prong of Strickland and show that the Texas Court of Criminal Appeals's denial of this claim was contrary to or an unreasonable application of federal law.

Walker's trial was scheduled to commence on October 27, 2008. On October 24, 2008, the Friday before his trial was scheduled to commence, Walker requested Lollar, his court-appointed counsel, to request a continuance for "a couple of weeks" so that his mother could complete the process of retaining private attorney Johnson. Pet. 11. In an affidavit, Lollar states that he was appointed only after private attorney James Belt withdrew from representation of Walker.

In support of his state habeas application, Walker submitted an affidavit from his mother, Dianne Walker, who states that in September 2008 she began working towards accumulating enough money to retain Johnson and that she had most of the money needed by October 27, 2008, but she needed two more weeks to raise an additional $5,000. Dianne Walker further states that she had spoken with Johnson and he had agreed to represent Walker once she raised the necessary retainer fee.

Despite the trial court's finding that Lollar had moved for a continuance, the magistrate judge concluded that even if Lollar refused to move for a continuance as Walker contends, Walker was not

prejudiced because he personally requested a continuance after his counsel allegedly refused to do so. The court further notes that, contrary to Walker's assertion, Lollar did not expressly state in his affidavit that he requested a continuance or filed a motion for continuance; rather, Lollar states simply, without specifying who raised the issue, that "the issue of continuance was raised with the Court prior to the trial commencing." App. 68. In any event, the truthfulness of his attorney's affidavit testimony and the correctness of the court's findings as to whether Lollar moved for a continuance are irrelevant, because Walker admits that he personally requested a continuance in open court on October 27, 2008, before his trial commenced, and informed the trial judge that his family was in the process of making arrangements to retain Johnson but needed two more weeks to complete the arrangements, and that his request was denied. Pet. ¶ 7; Reply 11. Thus, the trial court was fully apprised of the basis for Walker's requested continuance.

Moreover, Walker fails to present any evidence to support his speculative assertion that the court *may have* denied his request for continuance on the grounds that he was proceeding *pro se* or because he may not have followed applicable procedural rules. Walker has also failed to establish that Lollar's performance was deficient and prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. To prove prejudice, he must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). It is not sufficient to show a "mere possibility of a different outcome." *Id.* Rather, he must show that the prejudice made his trial "fundamentally unfair or unreliable." *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Walker has not met his burden of establishing that his trial was "fundamentally unfair or unreliable"; nor has he shown that the outcome of his trial would have been different if Lollar had

**Memorandum Opinion and Order – Page 7**

requested a two-week continuance of the trial. Thus, even assuming that his counsel did not request a continuance and the trial court denied Walker's request for a continuance for the reasons asserted, the magistrate judge correctly determined that Walker's ineffective assistance of counsel claim fails because he cannot show that he was prejudiced by counsel's alleged failure to ask for a two-week continuance. Accordingly, the court concludes, based on the facts of this case, that the state court's denial of this claim was not contrary to or an unreasonable application of federal law. The court will therefore overrule this objection.

### B.     Denial of Right to Choice of Counsel

Walker contends that he was denied the right to counsel of his choice because the trial court refused to grant a continuance so he could retain Johnson to represent him. The magistrate judge determined that Walker was not deprived of his Sixth Amendment right to counsel because there is no evidence that Walker was denied a reasonable opportunity to hire the attorney of his choice before the case was set for trial. In his objections, Walker contends that the magistrate judge failed to account for the allegedly false statements by his trial counsel that the issue of a continuance was raised before the trial commenced. Walker notes that even Respondent acknowledged that it is not apparent from the record that Walker's trial counsel requested a continuance before the trial.

The United States Supreme Court has recognized that there are limits on the right to counsel of choice and that trial courts have "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006). Given the late timing of Walker's request that his lawyer seek a continuance and Walker's request to the court for a continuance on the morning of the trial, that this would have been Walker's third attorney, and that there is no evidence that Johnson could have been

ready to proceed to trial in two weeks time, even if Walker's mother was able to gather the money needed to retain him, the court concludes that the magistrate judge correctly determined that Walker was provided a reasonable opportunity to hire the attorney of his choice before the case was set for trial. The court further concludes that the trial court was acting well within its discretion in denying Walker's request for a continuance under the circumstances. Accordingly, Walker was not deprived of his Sixth Amendment right to counsel by the trial court's denial of his motion for continuance. The court will overrule this objection.

### III.   Request for Evidentiary Hearing and Certificate of Appealability

Walker contends that his contentions regarding Lollar's alleged false statements were "brushed off [by the state court] without any meaningful or fair inquiry." Obj. 19. He further asserts that he was unable to develop fully his claims under the circumstances and that, if he had been given a fair opportunity to develop his claims, the facts would establish that no reasonable factfinder would have found him guilty of the underlying offense. Walker also requests that the court issue a certificate of appealability in the event it accepts the magistrate judge's findings and recommendation.

The court disagrees with Walker's conclusory assertion that he was not provided an opportunity to develop his claims and **denies** his request for an evidentiary hearing. Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the

**Memorandum Opinion and Order – Page 9**

reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

## IV.   Conclusion

After carefully reviewing and considering the pleadings, file, and record in this case, the findings and conclusions of the magistrate judge, and Walker's objections, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court therefore **overrules** Walker's objections, **denies** his request for an evidentiary hearing and certificate of appealability, **denies** Walker's Petition for Writ of Habeas Corpus, and **dismisses with prejudice** this action.

**It is so ordered** this 15th day of March, 2013.

Sam A. Lindsay<br>
United States District Judge

---

court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.