IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY GLENN WALKER (TDCJ No. 1539889), | § | |
| Petitioner, | § | |
| V. | § | No. 3:11-cv-1055-L-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to an order from the United States Court of Appeals for the Fifth Circuit, United States District Judge Sam A. Lindsay referred Petitioner Anthony Glenn Walker's construed "motion for finding of excusable neglect or good cause for filing the notices of appeal late" to the undersigned United States magistrate judge to submit findings and a recommendation as to whether the untimely notices of appeal referenced in the Fifth Circuit's order were due to excusable neglect or good cause. *See* Dkt. Nos. 47 & 48. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Petitioner should be granted an extension of time to appeal because good cause for the untimely notices of appeal has been found.

**Applicable Background**

The background applicable to the issue now before the Court is set out in the Fifth Circuit's order entered August 14, 2015:

> [T]he final day for filing a timely notice of appeal [of the district court's final judgment dismissing Petitioner's Section 2254 application] was Monday, May 4, 2015.... [Petitioner] filed two *pro se* notices of appeal first on June 1, 2015, and the second on June 19, 2015. Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows the district court to extend the time for filing a notice of appeal for an additional thirty days, or for fourteen days after granting the motion, whichever is later, if the appellant files a motion within thirty days after the notice of appeal was originally due and shows excusable neglect or good cause. In the notice of appeal, [Petitioner] stated that he mailed his first notice on April 20, 2015, and had a family member verify that nothing had been received or filed with the district court. He mailed his second notice on May 14, 2015. The second notice contained an uncertified statement, ostensibly from the prison mailroom, that the original notice was mailed on April 20, 2015.

Dkt. No. 47 at 2.

The Fifth Circuit then construed Petitioner's "statements as a timely motion for finding excusable neglect or good cause for filing the notices of appeal late and remand[ed] to the district court to make the necessary findings." *Id.*

Following remand and referral of this matter to the undersigned, the Texas Department of Criminal Justice, where Petitioner is confined, was ordered to submit to the Court, along with an appropriate verification,

> those portions of the applicable prisoner mail log, from April 1, 2015 to June 30, 2015, reflecting any outgoing mail deposited by Petitioner Anthony Glenn Walker, TDCJ No. 1539889 and addressed either to the United States District Court for the Northern District of Texas or to the United States Court of Appeals for the Fifth Circuit.

Dkt. No. 50 at 2.

The verified excerpts from the prison mail log were received on September 21, 2015. *See* Dkt. No. 51. Pertinent to the Fifth Circuit's request for factual findings, that document reflects that on April 20, 2015, Petitioner deposited with prison officials

outgoing mail directed to this Court and to the Texas Attorney General and that this mail was sent by prison officials, via the United States Postal Service, the same day. *See id.* at 5.

**Legal Standards and Analysis**

"A district court may extend the time for filing a notice of appeal by thirty days if the plaintiff can show excusable neglect or good cause for not meeting the deadline." *Aguilar v. Thaler*, No. 3:12-cv-35-L-BK, 2013 WL 3356491, at *2 (N.D. Tex. July 2, 2013) (citing FED. R. APP. P. 4(a)(5)(A)). But "a Rule 4(a)(5) motion based on good cause or excusable neglect must be filed within 30 days of the expiration of the time to file [a notice of appeal]." *Brown v. Tanner*, 578 F. App'x 349, 350 (5th Cir. 2014) (per curiam) (citing FED. R. APP. P. 4(a)(5)(A)(i); *In re MDL 262*, 799 F.2d 1076, 1078-79 (5th Cir. 1986) (holding that compliance with Rule 4(a)(5) is essential to appellate jurisdiction)).

"The good cause and excusable neglect standards have 'different domains.' They are not interchangeable, and one is not inclusive of the other." FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii) (quoting *Lorenzen v. Employees Ret. Plan*, 896 F.2d 228, 232 (7th Cir. 1990)); *see Price v. General Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Penn. 2006) ("Not only does [the Committee's Note] distinction comport with the express language of Rule 4 by defining good cause as something other than excusable negligent, but it also alleviates the lack of judicial interpretation of that term: A more structured and exacting analysis is appropriate where a party seeks protection from his own negligence; where a litigant

is the victim of unforeseeable circumstances, however, justice permits greater discretion.”).

“The good cause standard” “is applicable ‘in situations in which there is no fault-excusable or otherwise.’ In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where ‘the Postal Service fails to deliver a notice of appeal.’” *Tuesno v. Jackson*, No. 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013) (quoting FED. R. APP. P. 4 advisory committee’s note, 2002 Amendments, Subdivision (a)(5)(A)(ii)).

A court’s determination as to excusable neglect

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party’s omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship*, 507 U.S. 380, 395 (1993)); *see also Aguilar*, 2013 WL 3356491, at *2 (“Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party’s control, but covers inadvertent delays, as well. However, ‘inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute “excusable” neglect.’” (citing *Pioneer*, 507 U.S. at 394-95; quoting *id.* at 392)).

Here, the verified mail log provided by Petitioner’s institution confirms his position that he sent a notice of appeal to this Court on April 20, 2015. *Compare* Dkt.

No. 43, *with* Dkt. No. 51 at 5. Thus, the undersigned finds that, though no fault of his own, Petitioner's timely notice of appeal sent April 20, 2015 was not docketed by this Court and that Petitioner has therefore shown good cause for filing his notices of appeal late. *See* FED. R. APP. P. 4 committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii) ("the good cause standard can apply" where it is "unfair to make ... a movant prove that [his] 'neglect' was excusable, given that the movant may not have been neglectful at all").

**Recommendation**

Because the undersigned finds that Petitioner has shown good cause for filing his notices of appeal late, it is recommended that Petitioner be granted an extension to time to appeal under Federal Rule of Appellate Procedure 4(a)(5).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 28, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE